IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MARK STRICKLAND,<br>   *Plaintiff,*<br><br>   v.<br><br>CARROLL COUNTY, MARYLAND<br>et al.,<br>   *Defendants.* | Civil Action No.: 11-cv-00622 |

**MEMORANDUM**

Plaintiff Mark Strickland, who is self represented, filed suit against the State of Maryland; Carroll County, Maryland; Carroll County Sheriff Kenneth Tregoning; Carroll County Deputy Sheriff Jeffrey Miller; the Carroll County State's Attorney's Office; Carroll County State's Attorney Jerry Barnes; and several individual members of the Carroll County State's Attorney's Office: Allan Culver, Esquire; David Daggett, Esquire; Maria Oesterreicher, Esquire; and Arian Noma, Esquire. Plaintiff's forty-six page amended complaint (ECF 64) contained twenty-four counts, relating to civil rights violations allegedly committed against him by the defendants.

The State of Maryland, the Carroll County State's Attorney's Office, Barnes, Culver, Daggett, Oesterreicher, and Noma (collectively, the "State defendants") jointly filed a "Motion To Dismiss First Amended Complaint Or, In The Alternative, For Summary Judgment" (ECF 48). Plaintiff opposed the motion and filed his own motion for summary judgment (ECF 53). Tregoning and Miller also jointly filed a "Motion To Dismiss The Amended Complaint Or, Alternatively, For Summary Judgment" (ECF 66), in response to which plaintiff filed an opposition and a motion for summary judgment (ECF 71). And, Carroll County filed a "Motion To Dismiss The Amended Complaint Or, Alternatively, For Summary Judgment" (ECF 65), in

1

response to which plaintiff filed an opposition and a motion for summary judgment (ECF 69). The three defense motions were all construed by the Court as motions for summary judgment.

On February 7, 2012, in a Memorandum Opinion (ECF 82) and Order (ECF 83), I granted ECF 48, ECF 65, and ECF 66, awarding summary judgment in favor of all defendants, with respect to every count of plaintiff's amended complaint. I also denied plaintiff's motions for summary judgment (ECF 53, ECF 69, and ECF 71). On February 17, 2012, plaintiff filed an "Omnibus Motion For Reconsideration, Or In The Alternative, A Final Appealable Order And Judgment And Motion For Court Affirmation Confirming The Validity Of This Action In Accordance With Federal Court Rules, Laws And Statutes" ("Motion," ECF 84), as well as "Plaintiffs' [sic] Omnibus Memorandum In Support Of His Motion For Reconsideration, Etc." ("Memo," ECF 84-1). No response has been filed by the defendants.

In his Motion, plaintiff "move [sic] pursuant to Fed. R. Civ. P. 7[1] for Reconsideration of the courts [sic] ruling made on February 7, 2011 [sic], granting summary judgment to all defendants, or in the alternative, a final appealable order and judgment in accordance with Fed. R. Civ. P. 54(a), against the plaintiff, in favor of all defendants on all counts found in the plaintiff's first amended complaint." *Id.* at 1. Plaintiff also "seeks assurance from the court by way of an order, declaration or decree affirming that all parties in this action have been served in accordance with Fed. R. Civ. P. 4(f) and (g),[2] such that all parties are bound by the decisions of this court as articulated in orders, judgments, or decrees, such that any ruling found therein is binding as to all parties listed in plaintiff's verified amended complaint." *Id*.

---

[1] Rule 7 of the Federal Rules of Civil Procedure does not apply to a motion for reconsideration. Because plaintiff is proceeding *pro se*, his filings have been "'liberally construed'" and are "'held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citation omitted).

[2] Plaintiff later clarifies that he intended to refer to Fed. R. Civ. P. 4(a)(1)(f) and (g). Memo at 7.

The Court now rules pursuant to Local Rule 105.6, as no hearing is necessary.

### I.     *Reconsideration*

"The Federal Rules of Civil Procedure do not provide for a postjudgment 'motion for reconsideration.'  Rather, they provide for a Rule 59(e) motion to alter or amend the judgment…." *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 n. 4 (4th Cir. 2011). *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").  Consistent with Rule 59(e), Mr. Strickland filed his motion within ten days of the district court's judgment.  Therefore, I will construe it as arising under Rule 59(e).  *See Katyle,* 637 F.3d at 471 n. 4.

"The district court has considerable discretion in deciding whether to modify or amend a judgment." *Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n. 8 (4th Cir. 2008). The remedy is appropriate "'(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" *Id.* (citation omitted).  However, a motion under Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Pacific Ins. Co. v. American Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting 11 Wright et al., *Federal Practice and Procedure* § 2810.1, at 127-28 (2d ed. 1995)).

As to his motion, plaintiff argues that "there are material disputes of fact, which precludes [sic] summary judgment in favor of all defendants based upon omissions made by the court, and the misapplication of Maryland law in regards to *res judicata*." Memo at 1.  He insists that granting his Motion is "necessary to clear error of law or prevent manifest injustice." *Id.* at 3.  Plaintiff also contends that "the motions by all defendants should have been viewed under the

12(b)(6) standard." *Id.* at 4.  And, plaintiff insists that there is "*a missing final judgment*" that made the Court's resolution of the State defendants' motion (ECF 48) on the grounds of res judicata improper.  *Id*. (emphasis in original).

In my view, the same substantive arguments were unsuccessfully argued by plaintiff in his various oppositions.  After considering these contentions, I rejected them.  *See* Memorandum Opinion (ECF 82).  There has been no intervening change of law or new evidence since the filing of my Memorandum Opinion.  Accordingly, to the extent that plaintiff requests a modification of the Memorandum Opinion, the request is denied.

## II.    Final Appealable Order

Plaintiff also "requests this court enter a final judgment in accordance with Fed. R. Civ. P. 54(a), against the plaintiff, in favor of all defendants, on all counts so that he may seek an appeal."  Memo at 7.  He insists that, "according to Rule 54(a),[] this court's memorandum opinion (ECF: 82) as rendered does not conform to the standard required to seek appellate review." *Id*.

F. R. Civ. P. 54(a) states: "'Judgment' as used in these rules includes a decree and any order from which an appeal lies.  A judgment should not include recitals of pleadings, a master's report, or a record of prior proceedings."  It is unclear in what respect plaintiff believes the Order of February 7, 2012 (ECF 83) fails to satisfy Rule 54(a).  Nevertheless, the Court will enter a second, more explicit Order, to assuage plaintiff's concerns.

## III.    Assurance As To Proper Procedure

Plaintiff also "respectfully requests assurance from the court that this action is being prosecuted and judged in accordance with established standards."  Memo at 7.  He "seeks this courts [sic] confirmation in this regard via an appropriate order."  *Id*.  More specifically, plaintiff

"seeks assurance…that all parties in this action have been served in accordance with Fed. R. Civ. P. 4…such that all parties are bound by the decisions of this court…." Motion at 1.

Rule 4(a)(1) of the Federal Rules of Civil Procedure states that a summons must

(A) name the court and the parties;
(B) be directed to the defendant;
(C) state the name and address of the plaintiff's attorney or—if unrepresented—of the plaintiff;
(D) state the time within which the defendant must appear and defend;
(E) notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded in the complaint;
(F) be signed by the clerk; and
(G) bear the court's seal.

Plaintiff observes: "It does not appear that any summons bears the court's seal, which necessarily invalidates this entire proceeding." Memo at 7-8.

The Court is at a loss to understand plaintiff's concern with a summons at this juncture. Even if, *arguendo*, the issuance of summons was defective, the failure to raise "insufficient process," as permitted by Fed. R. Civ. P. 12(b)(4), resulted in a waiver of such a claim. *See* Fed. R. Civ. P. 12(h)(1) ("A party waives any defense listed in Rule 12(b)(2)–(5) by: (A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or (B) failing to either: (i) make it by motion under this rule; or (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course.").

Of course, plaintiff may seek to challenge any aspect of the Court's rulings. But, in doing so, he must comply with the Federal Rules of Appellate Procedure.

For the foregoing reasons, plaintiff's "Omnibus Motion For Reconsideration, Or In The Alternative, A Final Appealable Order And Judgment And Motion For Court Affirmation Confirming The Validity Of This Action In Accordance With Federal Court Rules, Laws And

Statutes" is granted in part and denied in part. A separate Order consistent with this ruling follows.


Date:  March 2, 2012                              /s/
                                         Ellen Lipton Hollander
                                         United States District Judge